UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA

AT BECKLEY

GAVIN BLAKE AUSTIN,

          Petitioner,

v.                                                                                                      CIVIL ACTION NO. 5:25-cv-00511

SERGEANT JUSTIN JOHNSON,
*Raleigh County Sheriff's Department*,
JULY REMILLARD,
*CPS Supervisor, WV DHHR*,
KELLY MILLARD,
*CPS supervisor WV DHHR*,
CRYSTAL MEAD,
*CPS Case Worker WV DHHR*,
SHANON WARD,
*CPS Case Worker WV DHHR*,
ANDREW DIMLICH,
*Judge, Raleigh County Circuit Court*, and
WEST VIRGINIA DEPARTMENT
OF HEALTH AND HUMAN RESOURCES
*(DHHR)*

          Respondents.

## **ORDER**

Pending are Gavin Blake Austin's Application to Proceed Without Prepayment of Fees or Costs [ECF 1], Complaint [ECF 3], and Motion for Temporary Restraining Order and Preliminary Injunction [ECF 4], all filed August 22, 2025. This action was previously referred to the Honorable Omar J. Aboulhosn, United States Magistrate Judge, for submission of proposed findings and a recommendation ("PF&R"). Magistrate Judge Aboulhosn filed his PF&R on August 26, 2025. [*See* ECF 6]. Magistrate Judge Aboulhosn recommended that the Court deny Mr. Austin's Application to Proceed Without Prepayment of Fees or Costs [ECF 1], dismiss Mr.

Austin's Complaint [ECF 3], and remove this matter from the Court's docket. [*See* ECF 6]. Magistrate Judge Aboulhosn thereafter entered an order denying as moot Mr. Austin's Motion to Proceed in Forma Pauperis [ECF No. 2], and Motion for Temporary Restraining Order & Preliminary Injunction [ECF No. 4]. [*See* ECF 7].

   The Court need not review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140 (1985); *see also* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations *to which objection is made*." (emphasis added)). Failure to file timely objections constitutes a waiver of de novo review and the Petitioner's right to appeal the Court's order. *See* 28 U.S.C. § 636(b)(1); *see also United States v. De Leon-Ramirez*, 925 F.3d 177, 181 (4th Cir. 2019) (Parties may not typically "appeal a magistrate judge's findings that were not objected to below, as § 636(b) doesn't require de novo review absent objection."); *Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989). Further, the Court need not conduct de novo review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). Objections in this case were due on September 12, 2025. No objections were filed.

   Accordingly, the Court **ADOPTS** the PF&R [**ECF 6**], **DENIES** Mr. Austin's Application to Proceed Without Prepayment of Fees or Costs [**ECF 1**], **DISMISSES** Mr. Austin's Complaint [**ECF 3**], and **DISMISSES** the matter.

The Court directs the Clerk to transmit a copy of this Order to any counsel of record and any unrepresented party.

ENTER: October 23, 2025

Frank W. Volk
Chief United States District Judge